UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00181-GNS

ROBERT M. CAIN; and
DONNA J. CAIN                                                                  PLAINTIFFS

v.

TRAVIS W. THOMPSON                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 9), Plaintiffs' Motion to Strike Defendant's Motion to Dismiss (DN 12), Plaintiffs' Motion for Summary Judgment (DN 14), Plaintiffs' Motion to Strike Defendant's Response to Plaintiffs' Motion for Summary Judgment (DN 18), and Plaintiffs' Motion for a Hearing on the Motion for Summary Judgment (DN 19). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is **GRANTED**, and Plaintiffs' motions are **DENIED.**

### I.     BACKGROUND

#### A.    Statement of Facts

The facts giving rise to this action are unclear on the face of the Complaint as filed by Plaintiffs Robert Cain and Donna Cain (collectively, "Plaintiffs"). It appears, however, that Defendant Travis Thompson ("Defendant"), an attorney licensed in Kentucky practicing with the firm Clunk, Hoose LPA,[1] represents Deutsche Bank National Trust Company ("Deutsche Bank") in a state foreclosure action against Plaintiffs. (Compl. 1-2, DN 1). Plaintiffs allege that this process involved numerous procedural deficiencies and fraudulent practices on the part of

---

[1] Clunk, Hoose LPA is the apparent successor of Clunk, Paisley & Associates. (Def.'s Reply Mot. Dismiss Ex. A at 7, DN 11-1).

1

Defendant. (Compl. 1-4) Specifically, Plaintiffs allege that Defendant "demanded forfeiture of property based on an undocumented and unverified claim that [Plaintiffs] owed $166,082.36 . . . [then] raised their damages again to $191,522.37." (Compl. 2). Plaintiffs further allege, among other claims, that Defendant did not provide proper notice to Plaintiffs and that Deutsche Bank "is not a bona fide holder in due course of a promissory note binding on [Plaintiffs]." (Compl. 2-3).

Defendant's motion to dismiss and the state foreclosure complaint clarify that this action arises from a Note in the amount of $109,800 that Plaintiffs secured with a Mortgage on property located in Meade County, Kentucky. (Def.'s Mot. Dismiss 2, DN 9; Def.'s Reply Mot. Dismiss Ex. A at 2). On October 14, 2016, Defendant initiated an underlying foreclosure action on behalf of Deutsche Bank against Plaintiffs in Meade County Circuit Court, styled 16-CI-00282. (Def.'s Mot. Dismiss 2).

B. **Procedural History**

On March 14, 2019, Plaintiffs filed the present Complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, relating to the Meade Circuit Court foreclosure action. (Compl. 1-4). On May 31, 2019, Defendant moved to dismiss the case. (Def.'s Mot. Dismiss). Plaintiffs responded, and Defendant replied. (Pls.' Resp. Def.'s Mot. Dismiss, DN 10; Def.'s Reply Mot. Dismiss, DN 11). On July 22, 2019, Plaintiffs filed a brief styled as a brief in opposition to and motion to strike Defendant's motion to dismiss. (Pls.' Mot. Strike #1, DN 12). Plaintiffs then filed a motion for summary judgment. (Pls.' Mot. Summ. J., DN 14). Defendant responded, and Plaintiffs replied. (Def.'s Resp. Pls.' Mot. Summ. J., DN 16; Pls.' Reply Mot. Summ. J., DN 17). On September 19, 2019, Plaintiffs moved to strike Defendant's response to Plaintiffs' motion for summary judgment. (Pls.' Mot. Strike #2, DN 18).

Finally, on December 18, 2019, Plaintiffs moved for a hearing on the motion for summary judgment. (Pl.'s Mot. Hr'g, DN 19).[2]

## II. JURISDICTION

The Complaint alleges violations of federal law, namely the FDCPA. As such, the Court has subject matter jurisdiction over this action via federal question pursuant to 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

The Complaint alleges violations of the FDCPA. Defendant argues that the FDCPA claims (1) are barred by the statute of limitations, (2) are barred by res judicata, and (3) fail to state a claim. (Def.'s Mot. Dismiss 2-10).

---

[2] This motion is articulated by Plaintiffs as a request for hearing and for a ruling on the motion for summary judgment due to there being no answer by Court. The Court has now provided such an answer and Plaintiffs have not otherwise articulated any reason why a hearing on this matter is necessary. This motion is denied.

## A. Statute of Limitations

Defendant argues that the FDCPA claims are time-barred by the statute of limitations. (Def.'s Mot. Dismiss 3-7). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Jodway v. Orlans, PC*, 759 F. App'x 374, 379 (6th Cir. 2018) (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). Under the FDCPA, "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*." 15 U.S.C. § 1692k(d) (emphasis added). For timing purposes then, the question is when the alleged *violation* occurred. Because the FDCPA prohibits a variety of unfair debt collection practices, the answer is different depending on which part of the FDCPA is allegedly violated.

The Complaint specifically alleges violations of 15 U.S.C. § 1692g[3] regarding the contents of written notice to the debtor, 15 U.S.C. § 1692e(11) regarding the alleged failure to provide the "Mini-*Miranda*" warning,[4] and 15 U.S.C. § 1692e more generally regarding false and misleading representations when collecting debt. (Compl. 1-3). The Complaint also questions the merits of the underlying foreclosure action, contending that Defendant did not have a contract for professional services with Deutsche Bank, that Deutsche Bank is "a non-existent judgment creditor, an illusory Trust," that the forfeiture is "based on an undocumented and unverified claim," that Deutsche Bank "is not a bona fide holder in due course of a promissory note binding on

---

[3] The Complaint actually references 15 U.S.C. § 1692(g), but this appears to be a scrivener's error because the statute relevant to Plaintiffs' claim is 15 U.S.C. 1692g.
[4] The Complaint does not actually reference 15 U.S.C. § 1692e(11), but this section is the source of the mini-*Miranda* warning.

[Plaintiffs]," that Defendant failed to prove damages, and that Defendant has not proven he is "licensed and bonded." (Compl. 1-3). These general allegations appear to fall under the FDCPA's general prohibition on making false representations as to the "character, amount, or legal status of any debt" or attempting to collect debt not otherwise permitted by contract or law. 15 U.S.C §§ 1692e(2), 1692f(1). These alleged violations, therefore, all appear to arise out of the Meade Circuit Court foreclosure action that Defendant litigated on behalf of Deutsche Bank.

The Supreme Court has made clear that the FDCPA applies to litigation activities. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). As such, the filing and prosecuting of the foreclosure action, if in violation of the FDCPA, would be actionable by Plaintiffs against Defendant. The Sixth Circuit has held that, for statute of limitations purposes, a violation occurs at the time of filing a complaint not in compliance with the FDCPA. *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 463 (6th Cir. 2013). In *Jodway v. Orlans, PC*, the Sixth Circuit applied this rule to three separate alleged violations of the FDCPA: the defendant's filing of, respectively, the proof of claim, the motion for relief from stay, and the judicial foreclosure complaint. *Jodway*, 759 F. App'x at 379. The court concluded that each of these actions took place more than one year prior to the filing of the federal complaint and were time-barred. *Id*. Moreover, the court rejected the argument that continuous representations of a loan's validity throughout the bankruptcy and foreclosure cases extends the limitations period. *Id.* at 380; *see also Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 273 (6th Cir. 2016) ("The statute of limitations began running . . . when Bank of America filed the state-court action seeking to foreclose on the mortgage."); *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 258 (6th Cir. 2014) ("Although the subsequent prosecution of [the debt-collection] suit may exacerbate the damages, the continued

accrual of damages does not diminish the fact that the initiation of the suit was a discrete, immediately actionable event.").

Under the present facts, the foreclosure action was initiated in Meade Circuit Court on October 14, 2016.[5] (Def.'s Mot. Dismiss 2). As such, any valid FDCPA claim must have been filed by Plaintiffs by October 14, 2017. Because the present Complaint was not filed until March 14, 2019, Plaintiffs' FDCPA claims are time barred under 15 U.S.C. § 1692k(d).

This situation is somewhat more complicated because the Complaint itself does not specifically identify the foreclosure complaint as the source of the FDCPA violations nor do Plaintiffs provide any pertinent documentation concerning the underlying action. Plaintiffs cannot rely on their own vagueness, however, to avoid dismissal on statute of limitations grounds. The Sixth Circuit has clarified that "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co*., 508 F.3d 327, 335-36 (6th Cir. 2007) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Even though the entirety of Plaintiffs' claims appear to be based on the state foreclosure action, the Complaint oddly does not explicitly "refer to" the state action. Although leniency is warranted on account of Plaintiffs' pro se status, Plaintiffs' failure to properly plead their claims does not mean this Court must ignore the relevant facts. The available public record of the underlying foreclosure action is

---

[5] Defendant claims the foreclosure complaint was filed on October 18, 2016, but the state court docket both online and as provided by Defendant show October 14, 2016, as the date on which the complaint was filed. (Def.'s Reply Mot. Dismiss Ex. A, DN 11-1). Whether the Court uses October 14, 2016, as the filing date or October 18, 2016, has no bearing on the case. Moreover, there is a Circuit split about whether the FDCPA statute of limitations begins to run when an allegedly improper suit is filed or when the defendant is served, but this determination similarly does not impact the resolution of this case. *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010).

appropriately considered in determining that it was filed on October 14, 2016, because a "court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id*. at 336 (citing *Lynch v. Leis*, 82 F.3d 642, 648 n.5 (6th Cir. 2004); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001)).

Plaintiffs counter that "in truth and reality the tolling of time in re FDCPA began when [Defendant] began collection activity merely a few months ago as [Defendant] was a stranger to the case up until then." (Def.'s Reply Mot. Dismiss 2). Plaintiffs, however, fail to explain how Defendant's later entry into the foreclosure action impacts this analysis. Moreover, the state court complaint in the foreclosure action clearly shows that Defendant was one of the attorneys who filed the foreclosure complaint in October 2016. (Def.'s Reply Mot. Dismiss Ex. A, at 7). While this Court must view the facts in a light most favorable to the Plaintiff when analyzing a motion to dismiss, the Court need not accept as true factual allegations that are clearly contradicted. In other words, a plaintiff cannot fabricate facts to survive a motion to dismiss. The Supreme Court has indicated as much, albeit in the motion for summary judgment context. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Finally, the doctrine of equitable tolling may toll the statute of limitations if the plaintiff demonstrates that "(1) the defendant concealed the underlying conduct, (2) the plaintiff was prevented from discovering the cause of action by that concealment, and (3) the plaintiff exercised due diligence to discover the cause of action." *Jodway*, 759 F. App'x at 380-81 (quoting *Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 341 (6th Cir. 2015)). While the Sixth Circuit

has not addressed whether this doctrine applies to FDCPA claims, it is immaterial here because Plaintiffs have not pleaded facts establishing any of the requisite elements.

In sum, this Court will consider information about the underlying foreclosure action because this information is integral to Plaintiffs' claims and available in the public record. As such, the underlying foreclosure action was initiated on October 14, 2016, which triggered the running of the FDCPA's one-year statute of limitations. Because this Complaint was not filed in this Court until March 14, 2019, all of Plaintiffs' claims are barred by the statute of limitations as established by 15 U.S.C. § 1692k(d).

### B. Failure to State a Claim

The Complaint suffers from a general lack of clarity and other factual deficiencies that make it difficult to determine if Plaintiffs have stated any claim for which relief can be granted. While the facts must be viewed in a light favorable to Plaintiffs, bare legal allegations such that Defendant "has worked a fraud" or "engaged in collection activity without prior notice . . . the Mini-Miranda" are insufficient to survive a motion to dismiss. Plaintiffs have provided so little information on the circumstances of this alleged fraud and related FDCPA violations that the Court only became aware of the underlying foreclosure action upon response by the Defendant and his direction of the Court's attention to the underlying foreclosure action. Plaintiffs have not taken any additional steps to inform the Court of the nature, timing, or context of any of their allegations. As such, it cannot be said that Plaintiffs have provided this Court with "well-pleaded factual allegations." Rather, the Complaint is rife with allegations that have unclear legal significance or that merely recite legal conclusions relating to the FDCPA.

Moreover, Plaintiffs' earlier arguments regarding the statute of limitations actually cut against them on the failure to state a claim grounds. Specifically, if this Court is unable to look

beyond the Complaint, then there is absolutely no identification of or information regarding the underlying foreclosure action upon which Plaintiffs stake all of their claims. As such, Plaintiffs have failed to plead a claim that is plausible on its face.[6]

### C. Plaintiffs' Remaining Motions

Because this Court will grant Defendant's motion to dismiss, Plaintiffs' motion for summary judgment (DN 14) and motion to strike Defendant's response to that motion (DN 18) are both moot.[7] Plaintiffs' only other remaining motion (DN 12), however, is styled as a brief in opposition to and motion to strike Defendant's motion to dismiss. This motion suffers from both procedural and factual problems. First, Plaintiffs have already filed a response to Defendant's motion and cannot simply do so again with 25 pages of additional allegations without first receiving leave from the Court. Second, this motion is replete with factual allegations and legal analysis the relevance of which is hard to gauge. Indeed, most of it appears related to the merits of the underlying and ongoing state foreclosure action, which cannot be re-litigated here on FDCPA grounds. As such, given that the motion to dismiss is granted, these motions will be denied as moot.

---

[6] Defendant further argues that Plaintiffs' claims should be barred by res judicata as defenses that were available to Plaintiffs in the foreclosure action. (Def.'s Mot. Dismiss 8). Resolving this issue, however, would require this Court to delve into the state court docket to discern what arguments were or should have been raised in that forum. Given the posture of this motion and the lack of clarity in the Complaint, the res judicata issue will not be further analyzed. Regardless, Plaintiffs' claims regarding the merits of the underlying state court action, once finally determined by the state court, could not be second-guessed or appealed in this Court under the *Rooker-Feldman* doctrine. See *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("In general, *Rooker–Feldman* precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments' . . ." (citation omitted)).

[7] For that matter, Plaintiffs' motion for summary judgment does little more than copy and paste some 32 pages of laws from the internet. (Pls.' Mot. Summ. J. 2-34).

Plaintiffs also include in their initial response to Defendant's motion to dismiss a request to convert this Complaint to a racketeering suit. (Pls.' Resp. Def.'s Mot. Dismiss 4). Plaintiffs have not, however, moved to amend their Complaint or provided any other justification beyond reiterating that Defendant is a "predicate actor perpetrating frauds and swindles." This request, without more, is denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 9) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall strike this matter from the active docket.

2. Plaintiffs' Motion to Strike Defendant's Motion to Dismiss (DN 12) is **DENIED AS MOOT**.

3. Plaintiffs' Motion for Summary Judgment (DN 14) is **DENIED AS MOOT**.

4. Plaintiffs' Motion to Strike Defendant's Response to Plaintiffs' Motion for Summary Judgment (DN 18) is **DENIED AS MOOT**.

5. Plaintiffs' Motion for a Hearing on the Motion for Summary Judgment (DN 19) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 2, 2020

cc: Plaintiffs, *pro se*
    counsel of record